OPINION
{¶ 1} Defendant-appellant, Paul Keltner, appeals an order of the Butler County Common Pleas Court ordering him to pay restitution. We reverse the trial court's order and remand the case to the trial court.
 {¶ 2} In May 2002, appellant pled guilty to one count of burglary in violation of R.C. 2911.12(A)(3). The trial court subsequently convicted appellant of the offense. In August 2002, the trial court sentenced appellant to four years in prison and ordered him to pay a $5,000 fine, court costs, and restitution. The trial court did not specify the amount of restitution nor did it make a determination of the victim's economic loss.
 {¶ 3} Appellant now appeals the trial court's restitution order, assigning one error as follows:
 {¶ 4} "The trial court erred in ordering restitution because the record failed to disclose evidence that would sufficiently establish the amount owed to a reasonable degree of certainty."
 {¶ 5} The state concedes that the trial court erred by failing to order a specific amount of restitution corresponding to the victim's economic loss. We agree and sustain appellant's assignment of error. The record does not reveal that the trial court considered evidence of the victim's economic loss from which it could determine the amount of restitution to a reasonable degree of certainty. See State v. Frede
(Nov. 24, 1997), Clermont App. No. CA97 — 02-011; State v.Brumback (1996), 109 Ohio App.3d 65, 82; State v. Clifton (1989),65 Ohio App.3d 117, 123.
 {¶ 6} Accordingly, we reverse the trial court's restitution order and remand the case to the trial court. On remand, we order the trial court to determine the victim's economic loss and a restitution amount that bears a reasonable relationship to that loss.
YOUNG, P.J., and WALSH, J., concur.